# CV 13-6438

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THUY T. LE; TYRONE MCLEAN; OMAR
WATTS; SHANTEL MCLEAN; JOHNATHAN
SALENSKI; LATESHA NEGRON; HAYWARD
WHITE; JIMMY J. GARCIA; and KEVIN
JOHNSON, individually and on behalf of all
others similarly situated,

Plaintiffs,

vs.

CVS CAREMARK CORPORATION,

Defendant.

Civil Action No.

**CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES AND
RESTITUTION**

**JURY TRIAL DEMAND**

ORENSTEIN, M.J.

Plaintiffs, individually and on behalf of all others similarly situated, by their attorney,

Christopher Q. Davis of Stoll, Glickman & Bellina LLP, allege upon personal knowledge and

upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1.       This is a collective and class action brought by Class Representative Plaintiffs

Thuy T. Le, Tyrone Mclean and Omar Watts and Individual Plaintiffs Shantel Mclean, Jonathan

Salensky, Latesha Negron, Hayward White, Jimmy J. Garcia, and Kevin Johnson (together, with

the Class Representatives, the "Lead Plaintiffs") on behalf of themselves and all members of the

proposed collective class ("Putative Collective Class Members") and class ("Putative Class

Members"), as defined below (collectively, "Plaintiffs").

2.       Plaintiffs allege class and collective class violations of the New York Labor Law,

Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations,

N.Y.C.R.R., Title 12, Part 142 *et. seq.* (collectively, "NYLL") and the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq.* ("FLSA"), for Defendant's failure to pay Plaintiffs all earned overtime

and spread of hours pay.

3.      Plaintiffs were or are employed by Defendant CVS Caremark Corporation,

("CVS," the "Company," or "Defendant") as FLSA nonexempt employees in Defendant's US

retail pharmacy drugstores ("Retail Pharmacy Segment") and were denied earned spread of hours

pay and/or overtime compensation having been subjected to the following unlawful policies: (i)

for those nonexempt Retail Pharmacy Segment employees in Defendant's New York State stores

earning under $8.00 per hour, failing to pay an extra hour of minimum wage compensation for

those workdays during which their "spread of hours" exceeded 10 hours (the "Spread of Hours

Class Members"); (ii) failing to compensate its nonexempt Retail Pharmacy Segment employees

for compensable activities performed during a "continuous workday," as that term is understood

under the FLSA, and insisting that they work "off the clock" by requiring them to undergo

mandatory security searches inclusive of searching their personal bags ("bag checks") and/or

labeling of their personal property when leaving the store at lunch and/or at the end of their shift

(the "Bag Check Class Members"); and (iii) for those nonexempt Retail Pharmacy Segment

employees earning commissions and/or nondiscretionary metric-based bonuses, including, but

not limited to, Beauty Department Managers and Assistant Managers and/or Store Assistant

Managers, failing to include their nondiscretionary bonuses and/or commissions as a part of their

regular rate of pay for the purposes of calculating overtime pay (the "Regular Rate

Miscalculation Class").  These employees are similarly situated under Federal Rule of Civil

Procedure 23 and the FLSA, 29 U.S.C. § 216(b).

4.      The "Collective Class" is made of all persons in the United States, excepting

those persons participating in the certified statewide class in *Murphy, et al.* v. *CVS Caremark*

*Corp., et. al.*, Case No. 464785 before the Superior Court of Los Angeles, who are or who have

been employed by Defendant in their Retail Pharmacy Segment and treated by the Company as

FLSA nonexempt employees from three years prior to the filing of this Complaint through the

date of the final disposition of this action (the "Collective Class Period") and who were subject

to Defendant's willfully unlawful practice of failing to pay overtime premiums for all hours

worked over 40 in a given workweek as specified above in Paragraph 3, Subparagraphs (ii)

("Bag Check Collective Class Members") and (iii) ("Regular Rate Miscalculation Collective

Class Members") of Paragraph 3.

5.      The "Class" is made up of all persons who are or have been employed by

Defendant at any time within the State of New York in their Retail Pharmacy Segment and

treated by the Company as FLSA nonexempt employees from six years prior to the filing of this

Complaint to the date of the final disposition of this action (the "Class Period") and who were

subject to Defendant's willfully unlawful practice of failing to pay overtime premiums for all

hours worked over 40 in a given workweek and, for all Plaintiffs earning less than $8.00 an hour,

for not paying "spread of hours pay" in an amount equal to one extra hour of pay at the New

York State minimum wage for every time they worked in excess of 10 hours in a workday

pursuant to NYCRR §142-2 *et al* or not otherwise offsetting the amount in compensation paid to

them during the same workweek.

6.      Plaintiffs seek relief for the Class pursuant to the applicable provisions of the

NYLL and Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek relief for the

3

Collective Class under the FLSA to remedy the Defendant's failure to pay all wages due, in addition to injunctive relief.

## PARTIES

7.      Representative Plaintiff Thuy T. Le is a former CVS Beauty Department Manager residing in Brooklyn, NY. She was employed by Defendant during the Class and Collective Class Periods in the Company's Park Slope, Brooklyn store.

8.      Representative Plaintiff Tyrone Mclean is a current CVS Shift Supervisor residing in Brooklyn, NY. He has been employed by Defendant during the Class and Collective Class Periods in the Company's Fort Hamilton Parkway, Court Street, and Kings Highway stores in Brooklyn.

9.      Representative Plaintiff Omar Watts is a former CVS Shift Supervisor residing in Brooklyn, NY. He was employed by Defendant during the Class and Collective Class Periods in the Company's Park Slope, Howard Beach, Court Street and Far Rockaway stores in Brooklyn.

10.     Lead Plaintiff Shantel Mclean is a current CVS Photo Technician residing in Brooklyn, NY. She has been employed by Defendant during the Class and Collective Class Periods in the Company's Mill Basin store in Brooklyn.

11.     Lead Plaintiff Kevin Johnson is a former Customer Care Representative residing in Brooklyn, NY. He was employed by Defendant during the Class and Collective Class Periods in the Company's Park Slope store in Brooklyn.

12.     Lead Plaintiff Jimmy J. Garcia is a current Night Crew Supervisor residing in Brooklyn, NY. He was employed by Defendant during the Class and Collective Class Periods in the Company's Park Slope store in Brooklyn.

4

13.     Lead Plaintiff Jonathan Salensky is a former CVS Cashier residing in Staten Island, NY. He was employed by Defendant during the Class and Collective Class Periods in the Company's Court Street store in Brooklyn.

14.     Lead Plaintiff Latesha Negron is a current CVS Shift Supervisor residing in Staten Island, NY. She has been employed by Defendant during the Class and Collective Class Periods in the Company's Park Slope store in Brooklyn and the Manor Road store in Staten Island.

15.     Lead Plaintiff Hayward White is a former Customer Care Representative residing in Brooklyn, NY. He was employed by Defendant during the Class and Collective Class Periods in the Company's Park Slope and Pennsylvania Avenue stores in Brooklyn.

16.     CVS Caremark Corporation, together with its subsidiaries, is the largest integrated pharmacy health care provider in the United States. Defendant's services are organized under three reportable segments: pharmacy services, retail pharmacy, and corporate.

17.     Defendant's Retail Pharmacy Segment stores sell prescription drugs and an assortment of merchandise, including over-the-counter drugs, beauty products and cosmetics, photo finishing services, seasonal merchandise, greeting cards and convenience foods.

18.     Defendant CVS Caremark Corporation is a publicly traded corporation organized under the laws of Delaware. Defendant CVS Caremark Corporation maintains a principal place of business of 1 CVS Drive, Woonsocket, Rhode Island, 02895.

19.     Defendant, at all relevant times, was an employer of the Plaintiffs. In particular, Defendants paid Plaintiffs with checks from CVS Caremark Corporation. Plaintiffs also received W-2 forms from CVS Caremark Corporation.

20.     As such, CVS Caremark Corporation met the definition of Plaintiffs' "employer"
as that term is defined by New York Labor Law, Article 19 § 651(6), and the FLSA, 29 U.S.C. §
203(d).

21.     At all relevant times, CVS met the definition of an "enterprise" subject to the
FLSA.  At all relevant times, CVS was, and is, an enterprise engaged in commerce within the
meaning of FLSA in that it (i) has or had employees engaged in commerce or in the production
of goods for commerce and handling, selling or otherwise working on goods or materials that
have been moved in or produced for commerce by any person; and its (ii) annual gross volume
of sales or business is not less than $500,000.  According to publicly available data, Defendant's
net revenue for 2012 exceeded $120 million.

22.     At all relevant times, Plaintiffs met the definition of Defendant's "employees" as
that term is defined by New York Labor Law, Article 19 § 651(5), and the FLSA, 29 U.S.C. §
203(e).

23.     All of Defendant's significant subsidiaries listed in Defendant's 2012 SEC Form
10-k Exhibit 21, including but not limited to, CVS Pharmacy, Inc. and CVS Albany, LLC,
relevant to this complaint as wholly-owned subsidiary employers, were operated for a common
business purpose, operated and controlled by the same individuals, shared and transferred
employees amongst one another, advertised together, offered the same, similar, or cross-
marketed products to their respective consumers, maintained the same human resources policies
governing the terms and conditions of employment for their respective employees, and engaged
in other related activities, and thus were part of a single integrated "enterprise" as defined by the
FLSA pursuant to 29 U.S.C. § 203(r).

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332.

25.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq.*

26.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

27.     Venue is proper in the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

28.     Defendant is subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiffs bring FSLA claims on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class(es):** All members of the Collective Class employed in the United States during the Collective Class Period in Defendant's Retail Pharmacy Segment workforce, who were denied earned overtime compensation and who were subject to Defendant's unlawful practice of refusing and/or failing to pay overtime premiums for all hours worked over 40 in a workweek pursuant to the policies listed in Subparagraphs (ii) and (iii) of Paragraph 3, *infra.*

30.     According to Defendant's filings with Securities and Exchange Commission, as of December 31, 2012, CVS had 7,458 retail stores in the United States including 463 stores in New York State.

31.     Upon information and belief, there are approximately 80,000 Putative Collective Class Members.

32.     During the Collective Class Period, the same handbook known as the "Employment Handbook of CVS Caremark" defined policies for CVS employees in its Retail Pharmacy Segment and applied to the Plaintiffs.

33.     The CVS hand book included policies regarding terms and conditions of employment such as (i) working, recording, and calculating overtime hours; (ii) security and bag checks which apply to employees only and not to customers; (iii) compensable work performed, and all other policies referenced herein.

34.     According to common policies applicable to all members of the Collective Class, Defendant does not compensate the Collective Class according to the requirements of the FLSA.

**Bag Check "Off the Clock" Violations**

35.     During the Collective Class Period, upon information and belief, the Bag Check Collective Class Members worked, between one half-hour and one hour of unpaid overtime weekly as a result of the "off the clock" practices which form the basis of their bag check claims.

36.     Specifically, at all times during the Collective Class Period, Defendant required, authorized, suffered and/or permitted work which was "off the clock" and, as a matter of Company policy, failed to pay the Bag Check Collective Class Members all of the lawful overtime premiums earned for hours worked in excess of 40 hours in a workweek.

37.     At all times during the Collective Class Periods, Defendant subjected the Bag Check Collective Class Members to their policies and procedures requiring security and bag checks and the labeling of personal property.

8

38.     At all times during the Collective Class Periods, the managers of the Bag Check Collective Class Members have required them to undergo security procedures involving bag checks and labeling of personal property off the clock and have not compensated them for the time spent on these employer-required activities.

39.     At all times during the Collective Class Period, Defendant's policies required Plaintiffs to undergo mandatory security searches such as a bag checks and labeling of personal property which were not required of customers entering any of Defendant's retail pharmacies.

### Regular Rate Miscalculation Violations

40.     The FLSA requires that an employee who works more than forty hours in a given week be paid for the excess time at a rate of not less than one and one-half times the regular rate at which he is employed.

41.     Under the FLSA, the regular rate includes all remuneration for employment paid to an employee inclusive of commission payments and nondiscretionary bonuses.

42.     At all times during the Collective Class Period, Defendant's payroll policies failed to account for commission and nondiscretionary metric-based bonus payments to the Regular Rate Miscalculation Collective Class Members in calculating their regular rate of pay.

43.     As a result of these uniform violations, the Regular Rate Miscalculation Collective Class Members were not paid all overtime wages owed to them under the FLSA.

44.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

45.     Defendants are liable under the FLSA for failing to properly compensate the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who were subject to the

9

aforementioned policy in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

46.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined Class:

> **Proposed Class(es):**  All members of the Class employed during the Class Period in Defendant's Retail Pharmacy Segment workforce in New York State, who were denied earned overtime and/or spread of hours compensation and who were subject to Defendant's unlawful practice of refusing and/or failing to pay overtime premiums for all hours worked over 40 in a workweek and/or spread of hours pay pursuant to the policies listed in Subparagraphs (i), (ii) and (iii) of Paragraph 3, *infra*.

47.     Plaintiffs incorporate by reference all of the factual allegations made in the preceding Paragraphs.

48.     With respect to Paragraphs 29-42, the Class Members specifically plead the same facts alleged with respect to the putative Collective Class Members.

49.     Upon information and belief, there are approximately 80,000 Putative Collective Class Members.

### Spread of Hours Violations

50.     Under New York law, employees must be paid one extra hour in addition to his or her hourly wages if the employee works more than ten hours in one day, regardless of whether such employee received a meal period or other time off duty.

10

51.     The so-called "spread of hours" regulation requires, at a minimum, all employees who fall within its scope to be paid an additional hour at the state minimum wage any time they work 10 hours or more in a workday, provided that the employee's weekly wages do not equal or exceed the total minimum wages due, in which case the violation will be offset.

52.     Members of the Spread of Hours Class were not paid an additional hour at the state minimum wage for their spread of hours shifts as required by the NYLL.

53.     Members of the Spread of Hours Class were also not paid enough to otherwise compensate for the loss of one hour of minimum wage compensation on those workdays when they earned spread of hours pay.

54.     Numerosity:   The proposed class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed over 40 people who satisfy the definition of the proposed class.

55.     Typicality:   The Plaintiffs' claims are typical of the members of the related proposed class(es).  The Representative Plaintiffs are informed and believe that, like other members of Defendant's nonexempt retail pharmacy staff, the proposed class suffered damages as a result of Defendant's failure to pay overtime and spread of hours compensation.  The proposed plaintiffs were subject to the aforementioned unlawful policies during the Class Period.

56.     Superiority:   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57.     Adequacy:   The Representative Plaintiffs will fairly and adequately protect the interests of the proposed class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

11

58.   Commonality:  Common questions of law and fact exist between members of the same proposed class(es) and predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

a.      Whether Defendant unlawfully failed to pay lawful overtime compensation to members of the Regular Rate Misclassification Class Members and Bag Check Class Members in violation of New York state law as a result of Defendant's company-wide practice of miscalculating the regular rate of pay and/or common policies requiring uncompensated "off the clock" work;

b.      Whether Defendant unlawfully failed to pay spread of hours to the Spread of Hours Class Members in violation of New York state law;

c.      Whether Defendant employed Plaintiffs and the proposed class within the meaning of New York law;

d.      The proper measure of damages sustained by the proposed class;

e.      Whether Defendant's actions were "willful"; and

1.      The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and (b)(2) because prosecution of actions by or against individual members of the proposed classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

59.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed class predominate over any questions affecting only individual members of the proposed class, and because a class action is superior

to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the proposed class the wages and benefits to which they are entitled. The damages suffered by the individual proposed class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

60.     Plaintiffs intend to send notice to all members of the proposed class to the extent required or permitted by Rule 23. The names and addresses of the proposed class are available from Defendant.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

61.     The Lead Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

62.     The Lead Plaintiffs consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). The Lead Plaintiffs written consent forms are attached hereto. The Lead Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

63.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continues to employ employees, including the Lead Plaintiffs, and the Collective Class Members. At all relevant times, upon information and belief, Defendant had gross operating revenues in excess of $500,000.00.

13

64. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

65. During their employment with Defendants, within the applicable statute of limitations, the Lead Plaintiffs and the other Collective Class Members worked in excess of forty hours per workweek without lawful overtime compensation. Despite the hours worked by the Lead Plaintiff and the Collective Class Members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation.

66. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Lead Plaintiffs or other similarly situated employees.

67. By failing to accurately record, report, and/or preserve records of hours worked by the Lead Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, *et seq.*

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and, as such, the Lead Plaintiffs and the members of the putative Collective Class intend to pursue liquidated damages and such other legal and equitable relief as the Court deems just and proper, including prejudgment and postjudgment interest.

14

69.     The Lead Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Failure to Pay Premium Overtime Compensation under the New York Labor Law and Fed. R. Civ. P. 23(b)(1), (b)(2) & (b)(3))

70.     The Lead Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

71.     At all relevant times herein, the Bag Check and Regular Rate Miscalculation Class Members have been entitled to the rights, protections, and benefits provided under the New York Labor Law.

72.     Defendants, pursuant to uniform policy and practice applicable to the Bag Check and Regular Rate Miscalculation Class Members, violated the NYLL by refusing and willfully failing to pay the Lead Plaintiffs and other similarly situated employees lawful overtime premiums for all hours worked over 40 in a workweek.

73.     The Lead Plaintiffs and all similarly situated employees are victims of a uniform and employer-based compensation policy. Upon information and belief, this uniform policy, in violation of the NYLL, has been applied, and continues to be applied, to all of members of the Bag Check and Regular Rate Miscalculation Class Members employed throughout the State of New York during the Class Period.

74.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the NYLL, and as a result thereof, the Lead Plaintiffs and other similarly situated employees, in addition to payment of back overtime wages, are entitled to recover an award of liquidated damages as well as all other available damages.

15

Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime premiums, the Lead Plaintiffs and all similarly situated employees are entitled to an award of prejudgment and postjudgment interest at the applicable legal rate.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Failure to Pay Spread of Hours Pay under the New York State Labor Regulations and Fed. R. Civ. P. 23(b)(1), (b)(2) & (b)(3))

75.     The Lead Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

76.     Defendant regularly and knowingly required the Spread of Hours Class Members to be at work in excess of ten (10) hours per day.

77.     Defendant knowingly, willfully, and intentionally failed to pay the Spread of Hours Class Member one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours, in violation of New York State Labor Regulations. N.Y. Comp. Codes R. & Regs. Title 12, §§ 142-2.4.

78.     Defendant did not otherwise compensate the Spread of Hours Class Members for the amount due to them as a result of Defendant's failure to pay spread of hours compensation in those workweeks in which a violation occurred.

79.     Because of Defendant's willful violation of the NYLL, the Spread of Hours Class Members are entitled to recover from Defendant, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including prejudgment and postjudgment interest, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class and Class, pray for relief as follows:

A.     That the Court determine that this action may proceed as a class action under Rule 23(b)(1), (b)(2) and (3) of the Federal Rules of Civil Procedure;

B.     That Defendants are found to have violated the provisions of the NYLL as to Plaintiffs and the Class;

C.     That Defendants are found to have violated the FLSA as to Plaintiffs and the Collective Class;

D.     That Defendants' violations as described above are found to be willful;

E.     An award to Plaintiffs and the Collective Class and the Class for the amount of unpaid wages owed, including prejudgment and postjudgment interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.     That Plaintiffs' counsel and the Representative Plaintiffs can adequately represent the interests of the class as class counsel and class representative, respectively.

G.     An award of reasonable attorneys' fees and costs pursuant to the FLSA, NYLL and/or other applicable law; and

H.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: November 20, 2013

Christopher Q. Davis (CD-7282)
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue
Third Floor
Brooklyn, NY 11217

*Christopher Q. Davis as Attorney for Plaintiffs and the Proposed Class*

18

**REDACTED**

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York Labor Law, and any other applicable laws.

_Shantel M_
Signature Date

_Shantel Mclean_
Name (Please Print)

█████████████
Street Address

█████████████
City, State, Zip Code

█████████████
Phone Number

█████████████
Email Address

**REDACTED**

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York Labor Law, and any other applicable laws.

_(signature)_ 11/08/13
Signature Date

Jimmy Garcia
Name (Please Print)

_(redacted)_
Street Address

_(redacted)_
City, State, Zip Code

_(redacted)_
Phone Number

_(redacted)_
Email Address

**REDACTED**

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York Labor Law, and any other applicable laws.

_____
Signature Date

_____
Name (Please Print)    Tyrone McLean

_____
Street Address

_____
City, State, Zip Code

_____
Phone Number

_____
Email Address

**REDACTED**

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York Labor Law, and any other applicable laws.

*Thevin J Johnson   8 Nov 13*
Signature  Date

*Thevin Johnson*
Name (Please Print)

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Street Address

▓▓▓▓▓▓▓▓▓▓▓▓▓
City, State, Zip Code

▓▓▓▓▓▓▓▓▓▓▓▓
Phone Number

▓▓▓▓▓▓▓▓▓▓▓▓
Email Address

**REDACTED**

FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, CVS Caremark Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York State Labor Law, and any other applicable laws.

*Hayward white*  11-12-13
Signature Date

*Hayward white*
Name (Please Print)

██████████████████
Street Address

██████████████████
City, State, Zip Code

██████████████████
Phone Number

██████████████████
Email Address

**REDACTED**

FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, CVS Caremark Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York State Labor Law, and any other applicable laws.

11/12/13
Signature Date

Latasha Negron
Name (Please Print)

Street Address

City, State, Zip Code

Phone Number

Email Address

**REDACTED**

FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, CVS Caremark Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York State Labor Law, and any other applicable laws.

_____   11-12-14
Signature Date

Johnathan Selensky
Name (Please Print)

_____
Street Address

_____
City, State, Zip Code

_____
Phone Number

_____
Email Address

**REDACTED**

FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Corporation, CVS Caremark Corporation, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the New York State Labor Law, and any other applicable laws.

11/12/15
Signature Date

Omar Walls
Name (Please Print)

_____
Street Address

_____
City, State, Zip Code

_____
Phone Number

_____
Email Address

**REDACTED**

## FLSA CONSENT FORM

I hereby consent to be an Opt-In Party Plaintiff in a lawsuit or lawsuits against CVS Caremark, and any related entities as well as other individuals who may be personally liable for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, the New York Labor Law, and any other applicable laws.

10 / 22 / 13
Signature Date

THUY LE
Name (Please Print)

Street Address

City, State, Zip Code

Phone Number

Email Address